UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUIS JAIME,<br><br>                          Plaintiff,<br><br>           -against-<br><br>WENDE C.F.; NEW YORK STATE DEPARTMENT OF CORRECTIONS COMMUNITY SUPERVISION; N.P. OBERTEAN,<br><br>                          Defendants. | 1:24-CV-3756 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Luis Jaime, who is currently incarcerated in the Wende Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983 seeking damages and injunctive relief. He names as defendants: (1) the Wende Correctional Facility ("Wende"); (2) the New York State Department of Corrections and Community Supervision ("DOCCS"); and (3) Nurse Practitioner Obertean, whom he alleges is assigned to Wende. For the following reasons, the Court transfers this action to the United States District Court for the Western District of New York.

## DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a defendant,

resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* § 1391(c)(1), (2).

DOCCS, a New York State agency, resides throughout the State of New York, including within this judicial district. Wende, which is located in Erie County, New York, however, does not reside within this judicial district, but rather, within the Western District of New York. *See* 28 U.S.C. § 112(b), (d). In addition, Plaintiff does not specify where Nurse Practitioner Obertean resides. Thus, it is unclear whether this court is a proper venue for this action under Section 1391(b)(1). Because Plaintiff alleges that the events that are the bases for his claims in this action occurred at Wende (*see* ECF 1, at 4), which is located within the Western District of New York, however, venue is proper in the United States District Court for the Western District of New York under Section 1391(b)(2).

Under 28 U.S.C. § 1404(a), even if an action is filed in a jurisdiction where venue is proper, a court may transfer the action to any other district court where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer appears to be appropriate for this action. The underlying alleged events occurred at Wende, where Plaintiff is incarcerated, which is within the Western District of New York. The one individual named as a defendant is also alleged to be assigned to Wende, within that judicial district. In addition, it is reasonable to expect that all relevant documents and witnesses would be located within that judicial district. Thus, the United States District Court for the Western District of New York appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Western District of New York. *See* § 1404(a); *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Western District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. Summonses shall not issue from this court. This order closes this action in this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   May 20, 2024
         New York, New York

                                              /s/ Laura Taylor Swain
                                                LAURA TAYLOR SWAIN
                                        Chief United States District Judge